UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23758-RAR

**MARLEN MESA MARTINEZ**,

    Plaintiff,

v.

**KRISTI NOEM**, *Secretary, U.S. Department of Homeland Security, et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Mandamus, APA Judicial Review, and Declaratory Relief ("Motion"), [ECF No. 12], filed on December 4, 2025. Plaintiff filed her Response in Opposition on December 18, 2025 ("Response"), [ECF No. 13]. Having considered Defendants' Motion, Plaintiff's Response, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss, [ECF No. 12], is **GRANTED** for the reasons stated herein.

## BACKGROUND

On August 20, 2025, Plaintiff initiated this action against Kristi Noem, Joseph B. Edlow, Todd M. Lyons, Pete R. Flores, and Robbert Hammer. [ECF No. 1]. In her initial Complaint, Plaintiff sought relief under the Mandamus Act and the Administrative Procedure Act to compel adjudication of Plaintiffs' Form I-485, Application to Register Permanent Residence or Adjust Status. *See generally id.* Thereafter, on August 21, 2025, the Court issued an Order to Show Cause requiring Defendants to explain why the requested relief should not be granted and

permitting Plaintiffs to reply to Defendants' Response within seven (7) days, should Plaintiff so choose. *See* Order to Show Cause, [ECF No. 4]. On October 15, 2025, Defendants filed a Motion to Dismiss for Mootness, asserting the Petition is moot and should be dismissed because Plaintiffs' Form I-485 Application was adjudicated on October 10, 2025. *See* [ECF No. 6] at 1-2.

Rather than submit a Reply, Plaintiff filed a First Amended Complaint for Mandamus, APA Judicial Review, and Declaratory Relief ("Amended Complaint") seeking "the review of a question of law on USCIS's adjudication of her Form I-485[.]" [ECF No. 8] at ¶ 1. Consequently, Defendants filed the instant Motion, asserting that the Court "lack[s] subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)" and that Plaintiff has "fail[ed] to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because United States Citizenship and Immigration Service's ('USCIS') discretionary denial of Plaintiff's Form I-485, Application to Register Permanent Residence ('Application for Adjustment of Status') is unreviewable under the Administrative Procedure Act ('APA'), 5 U.S.C § 701(a)(2)." Mot. at 1.

In her Response, Plaintiff contends that although USCIS issued a decision on Plaintiff's Form I-485, the Court still has subject matter jurisdiction because "Plaintiff seeks judicial review not of USCIS's discretionary authority over adjustment of status, but of a threshold statutory determination—whether she is inadmissible under INA § 212(a)(2)(C)(i)." Resp. at 6. Plaintiff also seeks relief under the Mandamus Act, 28 U.S.C. § 1361, on the grounds that "USCIS's refusal to apply binding Eleventh Circuit law is not a discretionary misstep, [but rather] a failure to perform a clear statutory duty[.]" Resp. at 9.

## ANALYSIS

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: (1) "facial attacks" in which the court merely determines whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and (2) "factual attacks" in which subject

matter jurisdiction is determined on matters "irrespective of the pleadings." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "A facial attack challenges the court's jurisdiction based solely on the plaintiff's allegations." *Mafundu v. Mayorkas*, 699 F. Supp. 3d 1310, 1312 (S.D. Fla. 2023) (citing *Lawrence*, 919 F.2d at 1529). "[W]here a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence" relevant to its jurisdictional determination. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). The district court is free to weigh the facts and is not constrained to view them in a light favorable to the plaintiff. *Id.* The party asserting jurisdiction bears the burden of establishing that a cause of action falls within a federal court's limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, "[b]ecause Defendants only rely on Plaintiffs' allegations, they lodge a facial attack on the Court's jurisdiction." *See Mafundu*, 699 F. Supp. 3d at 1313.

**I. Defendants' Adjudication of Plaintiff's Application Mooted Plaintiff's Case.**

The Court's jurisdiction is limited to "cases" or "controversies" as prescribed by Article III of the Constitution. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. Const. art. III, § 2). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citation omitted). A case is moot when "it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)). And if a case is moot, "dismissal is required because mootness is jurisdictional." *Id.* (citation omitted).

Here, Defendants have credibly shown that Plaintiff's Form I-485 was adjudicated. [ECF No. 6]. This is precisely the relief Plaintiff sought in her initial Complaint; therefore, Plaintiff's

alleged initial injury no longer exists. *Id*. As such, this case no longer presents a "live controversy" and dismissal for mootness is required. *See Al Najjar*, 273 F.3d at 1336; *Gray v. Sec'y for Dep't of Homeland Sec.*, 452 F. App'x 873, 875 (11th Cir. 2011) (per curiam) ("Because USCIS's actions have provided [Plaintiff] the relief he sought in his lawsuit, his appeal from the district court's denial of his motion for an order to show cause and his motion for injunctive relief is moot."). As in *Bathazi v. U.S. Dep't of Homeland Sec.*, "[Plaintiff] brought this action to compel the Defendants to adjudicate [her] petition . . . [And,] [a]s [Plaintiff] acknowledges, [her] petition has now been adjudicated. Even if there were no other jurisdictional bar, there is no longer any live controversy remaining for this Court to consider." 667 F. Supp. 2d 1375, 1378 (S.D. Fla. 2009). Accordingly, Plaintiff "cannot retroactively transform this action into a live controversy." *Id*.

The Eleventh Circuit has recognized two exceptions to the mootness doctrine: when an action is capable of repetition, yet evading review, *see Al Najjar*, 273 F.3d at 1336, and when a defendant voluntarily ceases the offending practice giving rise to the lawsuit. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 189 (2000). Plaintiff has not presented any information indicating that there is "a reasonable expectation or a demonstrated probability" that the alleged procedural violation will recur. *Health Freedom Def. Fund v. President of United States*, 71 F.4th 888, 893 (11th Cir. 2023) (internal quotations and citations omitted). Nor has Plaintiff properly raised a voluntary cessation argument. Accordingly, these exceptions are not before the Court in its assessment of jurisdiction.

### II. The Court Lacks Subject Matter Jurisdiction Over USCIS's Discretionary Denial of Plaintiff's Application.

Even if this matter was not rendered moot by the adjudication of Plaintiff's Form I-485, the Court nevertheless lacks subject matter jurisdiction over Plaintiff's Amended Complaint. Defendants argue that Count I of the Amended Complaint must be dismissed "for lack of subject

matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or in the alternative, for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) because USCIS'[s] discretionary denial is unreviewable." Mot. at 5. And as to Counts II and III which allege violations of the Administrative Procedure Act ("APA") under 5 U.S.C. § 706(2)(a) and 5 U.S.C. § 706(2)(D), "§ 701(a)(2) strips the Court of jurisdiction to review discretionary denials by USCIS." *Id*. at 3. The Court agrees.

*First*, as to Count I, the Mandamus Act gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "A court can only exercise jurisdiction to grant mandamus relief where '(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available.'" *Mafundu*, 699 F. Supp. 3d at 1310 (quoting *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011)). A plaintiff seeking mandamus relief "has the burden of demonstrating that his right to the writ is clear and indisputable." *Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1037–38 (11th Cir. 2021) (quoting *Serrano*, 655 F.3d at 1263). Further, "[m]andamus is an extraordinary remedy available only in the clearest and most compelling of cases." *Serrano*, 655 F.3d at 1263.

Here, Plaintiff has not established that she is entitled to mandamus relief. Plaintiff alleges that she "has a clear right to relief in being found eligible for adjustment of status and not barred by Section 212(a)(2)(C)(i) under *Garces v. U.S. Attorney General*" and that "Defendants[] have a non-discretionary duty to follow binding federal court precedent from the U.S. Supreme Court and the Circuit in which they sit." Am. Compl., [ECF No. 8] ¶¶ 56–57. Plaintiff argues that the decision issued on her application by USCIS "fails to distinguish Plaintiff's circumstances from those in *Garces*, and it improperly relies on legally discredited and factually insufficient evidence." Am. Compl. ¶ 51.

In essence, Plaintiff asks this Court to revisit a discretionary denial of her application—but "mandamus relief is only available when 'a government officer owes [a plaintiff] a legal duty that is a specific, ministerial act, devoid of the exercise of judgment or discretion.'" *Alabama v. United States*, 198 F. Supp. 3d 1263, 1275 (N.D. Ala. 2016) (quoting *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997)). And Plaintiff cannot argue that Defendants had a nondiscretionary duty to act. As discussed below, Plaintiff seeks judicial review over USCIS's discretionary denial of her adjustment of status under the Cuban Refugee Adjustment Act ("CAA"). And it is well-settled that "the C[]AA [] gives complete discretion over the adjustment of immigration status to USCIS." *Hayes v. Swacina*, No. 14-22506, 2015 WL 12778781, at *3 (S.D. Fla. Mar. 31, 2015). Accordingly, Plaintiff's claim for mandamus relief must be dismissed.

*Second*, as to Counts II and III, the APA bars judicial review of administrative agencies when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). The CAA "allows the Attorney General, '*in his discretion* and under such regulations as he may prescribe,' to adjust an alien's status to that of a lawful permanent resident if '(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.'" *Hayes*, 2015 WL 12778781, at *3 (quoting 8 U.S.C. § 1255) (emphasis added). Accordingly, "[b]ecause an adjustment of status under the C[]AA is a discretionary decision, [courts] do not have jurisdiction to review the petitioners' petition for review except to the extent it raises a constitutional claim or question of law." *Valdivia v. U.S. Att'y Gen.*, 380 F. App'x 793, 795 (11th Cir. 2010).

Plaintiff argues that "[j]urisdiction is not stripped from this Court by 8 U.S.C. § 1252 et seq., as this action . . . seeks a review of a question of law." Am. Compl. ¶ 17. However, a review

of Plaintiff's Notice of Decision, [ECF No. 6-1], indicates that Plaintiff was found to be "inadmissible pursuant to INA 212(a)(2)(C)(i)"—and even if she were not, "USCIS would still deny [the] application for adjustment of status as a matter of discretion . . . consider[ing] both the favorable and unfavorable factors in [] coming to this determination."  Notice of Decision, [ECF No. 6-1] at 9–10 (explaining in detail the favorable and negative factors in Plaintiff's case).

Accordingly, because "USCIS clearly stated in its decision that it was denying [Plaintiff's] application 'as a matter of discretion' . . . [and] [b]ecause USCIS's action in [Plaintiff's] adjustment application is committed to agency discretion by the CAA, the APA does not provide the district court with jurisdiction." *Garriga v. Hackbarth*, 548 F. App'x 559, 561 (11th Cir. 2013).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, [ECF No. 12], is **GRANTED**.

2. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 19th day of February, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**